IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD MICHAEL GREGORY,<br><br>                      Petitioner,<br><br>vs.<br><br>THOMAS LAVALLEY, Superintendent,<br>Clinton Correctional Facility,[1]<br><br>                      Respondent. | No. 9:13-cv-00181-JKS<br><br>ORDER |

       Todd Michael Gregory, a New York state prisoner represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Gregory is currently in the custody of the New York State Department of Corrections and Community Supervision and is incarcerated at Clinton Correctional Facility. Respondent has answered, and Gregory has not replied.

       Respondent contends that Gregory's Petition is untimely. Docket No. 12 at 32-35. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

     [1]     Thomas LaValley, Superintendent, Clinton Correctional Facility, is substituted for Mark Bradt, Superintendent, Attica Correctional Facility. FED. R. CIV. P. 25(c).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On November 4, 2010, the Appellate Division affirmed Gregory's judgment of conviction, *People v. Gregory*, 910 N.Y.S.2d 295, 299 (N.Y. App. Div. 2010), and the New York Court of Appeals denied Gregory's application for leave to appeal on March 23, 2011, *People v. Gregory*, 946 N.E.2d 183 (N.Y. 2011). His conviction therefore became final 90 days later, on June 21, 2011, the conclusion of the period during which Gregory could have sought certiorari review in the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Under § 2244(d)(1)(A), the AEDPA's one-year limitations period was triggered on June 21, 2011. Gregory subsequently filed a counseled motion to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10 dated April 3, 2012, which, under § 2244(d)(2), stopped the running of the one-year period. At that time, 287 days of the one-year period (June 21, 2011 to April 3, 2012) had run. The limitations period recommenced on July 31, 2012, when the Appellate Division denied Gregory's application for leave to appeal the denial of his CPL § 440.10. *See Bennett v. Artuz*, 199 F.3d 116, 119-20 (2d Cir. 1999) (a CPL § 440.10 motion is "pending" within the meaning of § 2244(d)(2) until final disposition and unavailability of further appellate review). Gregory then had 78 days, or until October 17, 2012, to file his Petition; he did not file it until February 17, 2013.

Gregory's Petition does not address timeliness, and Gregory did not submit a Traverse addressing Respondent's contention that the Petition is untimely. Nor does Gregory's Petition raise issues that suggest the existence of "extraordinary circumstances" that warrant the equitable tolling of the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *cf. Diaz v. Kelly*, 515 F.3d 149, 153-54 (2d Cir. 2008).

**IT IS THEREFORE ORDERED THAT** Gregory shall show cause within 30 days, or up to and including May 17, 2014, as to why his Petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

Gregory is warned that his failure to comply with this order will result in a decision dismissing the Petition as untimely.

**IT IS FURTHER ORDERED THAT** Respondent shall have 30 days after the date Gregory files his response in which to file a reply.

Dated: April 17, 2014.

       /s/ James K. Singleton, Jr.
      JAMES K. SINGLETON, JR.
      Senior United States District Judge