IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD MICHAEL GREGORY,<br><br>                Petitioner,<br><br>vs.<br><br>STEVEN RACETTE, Superintendent,<br>Clinton Correctional Facility,[1]<br><br>                Respondent. | No. 9:13-cv-00181-JKS<br><br>MEMORANDUM DECISION |

Todd Michael Gregory, a New York state prisoner represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Gregory is currently in the custody of the New York State Department of Corrections and Community Supervision and is incarcerated at Clinton Correctional Facility. Respondent has answered, and Gregory has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On direct appeal of his conviction, the Appellate Division described the following facts underlying Gregory's case:

> After attending a good touch/bad touch presentation at school in December 2008, the victim (born in 1998) revealed that [Gregory], her stepfather, had engaged in sexual contact with her. The abuse allegedly had begun in August 2005 and continued until September 2007, when marital discord developed between [Gregory] and the victim's mother resulting in [Gregory] moving out by January 2008. As part of the investigation of the victim's allegations, police questioned [Gregory]. During the questioning, he acknowledged in a written statement various sexual activity with the victim, including masturbating in her presence, viewing pornography on his computer with her, having her touch his penis, being naked in bed with the victim and touching her vagina with his

---

[1] Steven Racette is substituted for Thomas LaValley as Superintendent, Clinton Correctional Facility. FED. R. CIV. P. 25(d).

penis. [Gregory] was indicted for the crimes of rape in the first degree, sexual abuse in the first degree, course of sexual conduct against a child in the first degree and endangering the welfare of a child. A jury found him guilty of all four counts. County Court sentenced [Gregory] to concurrent terms of 25 years in prison with 20 years of postrelease supervision on the rape and course of sexual conduct counts, a concurrent one-year term for endangering the welfare of a child and, consecutive to those three counts, seven years in prison with 10 years of postrelease supervision on the sexual abuse count.

*People v. Gregory*, 910 N.Y.S.2d 295, 296-97 (N.Y. App. Div. 2010).

Through counsel, Gregory appealed his conviction, arguing that: 1) the trial court erred by permitting the police investigator to testify concerning prior disclosures of sexual acts alleged by the victim; 2) the trial court erred in admitting expert testimony on child sexual abuse accommodation syndrome ("CSAAS"); 3) the trial court deprived Gregory of a fair trial when it rejected his proffered jury charge regarding CSAAS; 4) the trial court erred when it admitted the expert testimony of a physician and a pediatric medical report; 5) the trial court abused its discretion by allowing the prosecution to use leading and suggestive questions to elicit the victim's testimony; 6) the trial court erred in admitting an "irrelevant" and "prejudicial" letter from social services; 7) the evidence was legally insufficient and against the weight of the evidence; 8) the trial court erred when it failed to suppress his statement to the police; and 9) his sentence was unduly harsh and excessive. The Appellate Division affirmed his conviction in a reasoned opinion. *Gregory*, 910 N.Y.S.2d at 299. Gregory sought leave to appeal the decision to the Court of Appeals, which was summarily denied on March 23, 2011. *People v. Gregory*, 946 N.E.2d 183 (N.Y. 2011).

Gregory subsequently filed a counseled motion to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10 dated April 3, 2012. He argued that his judgment should be vacated because: 1) the trial court improperly admitted his confessions to the

police; 2) he received ineffective assistance of counsel; and 3) his sentence was harsh and excessive. Gregory also filed an affidavit in support of the motion. The county court denied the motion in a reasoned opinion.

Gregory filed a Petition for a Writ of Habeas Corpus to this Court on February 17, 2013.

## II. GROUNDS RAISED

In his counseled Petition before this Court, Gregory raises four grounds for relief. First, he argues that his confession was coerced and thus improperly admitted. He next contends that there was insufficient evidence to sustain his conviction. He additionally asserts that his trial counsel was ineffective for a litany of reasons. Finally, he claims that his sentence was harsh and excessive.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S.

Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Gregory has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66-67 (2d Cir. 1952) (per curiam).

IV. DISCUSSION

Respondent contends that Gregory's Petition is untimely. Docket No. 12 at 32-35. The AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On November 4, 2010, the Appellate Division affirmed Gregory's judgment of conviction, *Gregory*, 910 N.Y.S.2d at 299, and the New York Court of Appeals denied Gregory's application for leave to appeal on March 23, 2011, *Gregory*, 946 N.E.2d at 183. His conviction therefore became final 90 days later, on June 21, 2011, the conclusion of the period during which Gregory could have sought certiorari review in the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Under § 2244(d)(1)(A), the AEDPA's one-year limitations period was triggered on June 21, 2011. Gregory subsequently filed his CPL § 440.10 motion to vacate the judgment dated April 3, 2012, which, under § 2244(d)(2), stopped the running of the one-year period. At that time, 287 days of the one-year period (June 21, 2011 to April 3, 2012) had run. The limitations period recommenced on July 31, 2012, when the Appellate Division denied Gregory's application for leave to appeal the denial of his CPL § 440.10 motion. *See Bennett v. Artuz*, 199

F.3d 116, 119-20 (2d Cir. 1999) (a CPL § 440.10 motion is "pending" within the meaning of § 2244(d)(2) until final disposition and unavailability of further appellate review). Gregory then had 78 days, or until October 17, 2012, to file his Petition; he did not file it until February 17, 2013.

Gregory's Petition does not address timeliness, and Gregory did not submit a Traverse addressing Respondent's contention that the Petition is untimely. Nor does Gregory's Petition raise issues that suggest the existence of "extraordinary circumstances" that warrant the equitable tolling of the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *cf. Diaz v. Kelly*, 515 F.3d 149, 153-54 (2d Cir. 2008).

On April 17, 2014, this Court issued an order requiring Gregory to show cause within 30 days, or up to and including May 17, 2014, as to why his Petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). Docket No. 15 at 3. In response, Gregory contends that his Petition should not be deemed untimely because it pertains to his CPL § 440.10 motion and not his direct appeal. Docket No. 16 at 4. He therefore contends that his conviction became final on the date that he was denied leave to appeal his CPL § 440.10 motion and that he filed his Petition within one year of that date. *Id.* However, the plain language of § 2244(d) provides that a judgment becomes final by "conclusion of direct review" and that subsequent post-conviction filings such as his CPL § 440.10 motion merely toll the period of limitation that has already begun to run. 28 U.S.C. § 2244(d)(1),(2). Gregory provides no support for his contrary interpretation of the statute, and this Court cannot find such support either. *See, e.g.*, *Whitted v. Martuscello*, No. 11 CV 1222, 2014 WL 1345920, at *3-4 (S.D.N.Y. Apr. 3, 2014) (dismissing as untimely habeas petition based on petitioner's second CPL § 440.10

motion because the petition was not filed within one year after direct appeal of his conviction had concluded).

In the alternative, Gregory contends that "the presence of extraordinary circumstances in this case should render his instant Petition timely." Docket No. 16 at 4. The statutory limitations period under the AEDPA may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing two elements: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way" and prevented timely filing. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz*, 515 F.3d at 153. The determination is made on a case-by-case basis. *Holland*, 560 U.S. at 649-50. "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted). The threshold for a petitioner to establish equitable tolling is very high. *See Smith*, 208 F.3d at 17.

Gregory contends that "he had no financial means to hire an attorney for the instant Writ until December of 2012." Docket No. 16 at 6. However, Gregory has no constitutional right to counsel in a habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Smith*, 208 F.3d at 18 (petitioner's *pro se* status does not merit equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (petitioner's assertions that he is ignorant of the law and legal procedure and lacked funds to hire another attorney were not extraordinary circumstances that warrant equitable tolling). Because there is no right to counsel, Gregory's claim that the appellate attorney who handled his direct appeal "never advised him of the deadline" to file a § 2254 petition, Docket No. 16 at 7, is also insufficient to warrant

equitable tolling, *see, e.g.*, *Ruiz v. Poole*, 566 F. Supp. 2d 336, 338 (S.D.N.Y. 2008) (ignorance of the law does not constitute an extraordinary circumstance). In sum, Gregory has failed to advance any argument that would justify equitable tolling in this case.

V. CONCLUSION

Gregory's Petition is untimely.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

Dated: May 29, 2014.

                                    /s/ James K. Singleton, Jr.
                                    JAMES K. SINGLETON, JR.
                                    Senior United States District Judge